IN THE UNITED STATES DISTRICT COURT            RECEIVED
FOR THE DISTRICT OF SOUTH CAROLINA  USDC. CLERK. CHARLESTON. SC

Roderick Coan,                                    )        Civil Action No. 2:10 cv-JUN 2-RMG  1: 13
                                                  )
                              Petitioner,          )
                                                  )
        vs.                                        )                 **ORDER**
                                                  )
Warden Michael McCall,                            )
                                                  )
                              Respondent.          )
                                                  )
_____         )

Petitioner brought this action pursuant to 28 U.S.C. § 2254. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Respondent's motion for summary judgment be granted and the petition dismissed with prejudice. The Petitioner has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner entered *Alford* pleas to first degree burglary, ABIK, and first degree attempted CSC, and he was sentenced to life on the burglary charge, 20 years on the ABIK charge, and 30 years on the CSC charge, to run consecutively. The Petitioner alleges his plea counsel was ineffective for failing to advise him that the potential maximum sentence for the first degree burglary offense was a life sentence. He contends that he was never told that his plea could result in life imprisonment, and that had he known he could be sentenced to life, he would not have pled guilty. The Petitioner raised this issue in his PCR action and the PCR Court denied him relief. The South Carolina Supreme Court denied the Petitioner a writ of certiorari on this claim. The Respondent contends the Petitioner should be denied habeas relief as the PCR court's decision was not contrary to or involved an unreasonable application of, clearly established Federal law nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The Record shows that counsel testified that he recalled telling the Petitioner that if he went to trial, he would likely get a life sentence. (App. 148.) When asked what sentence he told the Petitioner he would receive if he pled, he responded: "I believe I did say that life was still, life was still a possibility, but my professional judgment and my opinion was that since he would be avoiding the stress of a trial and in keeping the victim from having to go through that that he would get some benefit and his best chance of avoiding a life sentence was to plead." (App. 148.)   He also testified he "would be asking

for the minimum but assuming the worst I thought [Petitioner] might get a sentence of 25 to 30 years." (App. 149-50.)

On cross-examination, plea counsel answered affirmatively when asked if he had told the Petitioner that he could receive a life sentence if he pled guilty. (App. 171.) He also testified that he always tells his clients the maximum sentence they are facing and he did that in this case. (App. 215.) The Petitioner also testified at the PCR hearing. He testified that plea counsel told him that 20-30 years was the maximum sentence that he would receive if he pled guilty. (App. 186.) The PCR court found counsel's testimony credible and Petitioner's testimony not credible. (App. 378-385.)

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have

3

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The PCR Court found trial counsel's testimony was credible and the Petitioner's testimony was not. That determination is entitled to deference by this Court. *Wilson v. Ozmint*, 352 F.3d 847, 858-859 (4th Cir. 2003). "[F]ederal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008).

Here, Petitioner wrongly is focuses on one sentence from the plea counsel's testimony, to the exclusion of the remaining testimony of plea counsel during which he unequivocally states several times that he did inform the Petitioner of the maximum sentence. Further, the state court's rejection of the ineffective assistance of counsel claim did not result in an unreasonable application of *Hill* and *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, Petitioner's claim fails. Moreover, the state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1).

## Conclusion

Based on the above, this Court grants the motion for summary judgment (Dkt. No. 38) and dismissed the petition with prejudice.

## Certificate of Appealability

The governing law provides that:

4

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been meet.  Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 16, 2011
Charleston, South Carolina

5